MAR 21 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GEOFFREY M. YOUNG, Plaintiff

v.

Civil Action No. 3:24-cv-00526-GC-DEA

STONEX GROUP INC. and
GAIN CAPITAL GROUP, LLC, Defendants

### PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

I filed my original Complaint on January 29, 2024 and the Court issued a summons to the

Defendants on January 30, 2024. On February 9, 2024, attorney Nikolas S. Komyati filed his

notice of appearance on behalf of both Defendants, and also an application and proposed order

for a Clerk's Order to extend the time to answer. I received both documents by email on

February 9, 2024. The Defendants requested an extension of time to respond to my Complaint

from February 22 to March 7, 2024, and the Court granted that extension on February 13, 2024.

On February 19, 2024, Mr. Komyati called me and asked if I would agree to another time

extension of about three more weeks, if I remember correctly. I suggested an extension from

March 7 to March 11. He suggested March 15, and we agreed on an extension from March 7 to

March 13, 2024. On February 21, 2024, the Court entered a Stipulation and Order extending the

Defendants' time to answer, move or otherwise respond to Plaintiff's Complaint until March 13,

2024.

On March 10, Kieran T. Ensor, Mr. Komyati's co-counsel, electronically filed a 3-page

letter with the Court asking for a pre-motion conference. At the end of the letter, Mr. Ensor

wrote, "cc: Mr. Geoffrey M. Young (via ECF)." I never received the letter because as far as I

know, I do not have access to the ECF system, I have never applied to have access to it, and I have never seen any reason why I should apply to get access to it. He did not send me an email or a snail mail with the text of the letter, nor did he tell me that a letter had been sent.

At any rate, March 13, 2024 came and went, and I never received either a responsive pleading or a motion to dismiss pursuant to Fed. R. Civ. P. 12. Today is March 18, 2024, and the Defendants are now in default. I am therefore moving for a default judgment.

In Mr. Ensor's letter of March 10, 2024, he wrote, "Defendants intend to move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Page ID #39. Well, the Defendants had their chance to do exactly that on or before March 13, 2024, and they failed to do it.

Mr. Ensor wrote, "Defendants' proposed motion will also focus on the fact that Defendants cannot discern what specific causes of action Plaintiff levels against them—other than broad claims of "fraud". Page ID #40. Although I'm not a lawyer, I am an experienced *pro se* litigant, and even I know that when the defendants and their lawyers are baffled about what the plaintiff is accusing them of having done to him or her, a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is absolutely not the correct motion for the defendants to file. The Defendants in this case should have filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). That civil rule instructs, in pertinent part, as follows:

> (e) Motion for a More Definite Statement.
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

The Defendants had from approximately February 2 to February 21, 2024 to read my

2

Complaint, conclude that it was incomprehensible, and file a motion for a more definite

statement. They failed to do so, and March 13, 2024 has come and gone. They are in default.

Mr. Ensor wrote, "Plaintiff fails to meet the heightened pleading standard imposed by

Fed. R. Civ. P. 9(b) because he does not specifically describe what action(s) were fraudulent."

Page ID #40. However, in my Complaint of January 29, 2024, I made the following allegations:

> I am suing them for conspiring to **steal and/or defraud me of** 22,475,831
> Russian rubles by selling all of the rubles in my foreign exchange account, on my
> behalf, at 10:53 pm on March 11, 2022, **against my will and against my explicit
> instructions,** near the bottom of the market, after giving me only one day's
> warning; and **after I had protested their planned action and proposed a
> solution to a corporate employee at 11:00 am on March 11, 2022 and had my
> proposed solution rejected out of hand.** The Defendants even rejected my
> proposal for a delay in their action. In general, **fraud is a civil tort.** When this
> case gets to trial, I will ask the jury to grant me actual damages of 22,475,831
> Russian rubles, lost opportunity (opportunity cost) damages, punitive damages of
> at least $4,000,000, declarative relief, and injunctive relief to prevent the
> Defendants from **robbing, defrauding and/or cheating me or any other
> investor again in the same outrageous way.** Complaint at 1-2.

The first sentence of this passage describes what actions were fraudulent in very, very

specific terms. Exactly how did the Defendants defraud me? "By selling all of the rubles in my

foreign exchange account, on my behalf, at 10:53 pm on March 11, 2022, against my will and

against my explicit instructions, near the bottom of the market." I met the requirements of Fed.

R. Civ. P. 9(b). Mr. Ensor lied to this Court and announced Counsel's intention to tell the same

lie if the Court were to give the Defendants more time to file a motion to dismiss.

I further alleged as follows:

> 14. On the morning of Thursday, March 10, 2022, I received an email
> from Defendant GAIN Capital d/b/a FOREX.com that stated, in pertinent part:
> "Following recent market volatility and global events, we will be closing all open
> positions in USD/RUB and EUR/RUB due to diminishing liquidity. This event
> will take place after market close on Friday, March 11." I was shocked and
> extremely angry. I emailed Rabih Massie, the person I thought was my broker at

FOREX.com, and wrote: "I just got an email from FOREX.com telling me they're going to force me to sell my rubles tomorrow against my will. **Please have one of your lawyers call me to explain how that can be legal. It looks like grand larceny to me. I request an exception in my case."** *Id.* at 4-5.

So as early as the morning of March 11, 2022, I was informing Defendant GAIN Capital Group, LLC d/b/a FOREX.com, that I considered its action planned for later that day to be grand larceny against me. The definition of "to defraud" is as follows:

*verb (used with object)*
1. to deprive of a right, money, or property by fraud:
*Dishonest employees defrauded the firm of millions of dollars.*
[Source: https://www.dictionary.com/browse/defraud]

Grand larceny, or theft, is one way to defraud someone. When I told Emanuel Shalom on March 11, 2022, that forcing me to sell all of my rubles near the bottom of the market "looks like grand larceny to me," I was telling him that it looked like FOREX.com was about to defraud me.

I further alleged as follows:

Mr. Shalom emailed me back and scheduled a call with me at 11:00 am the next day, Friday, March 11, 2022. March 11, 2022 was not D-Day but F-Day - Fraud Day.

16. I talked with Mr. Shalom at approximately 11:00 am on Friday, March 11. I began by asking him if he is a lawyer. He said no. I said, "I'm not either, but **I believe that what FOREX is about to do to me constitutes fraud.** FOREX is forcing me to sell all of my Russian rubles at a huge loss, against my will, for no valid reason."

17. He said that the market in rubles is extremely illiquid, and that **for the protection of its customers and FOREX,** the company has the right to close all open positions in USD/RUB at 5:00 pm Eastern time today. He said that the subcontractors FOREX works with are finding it very difficult to obtain rubles at this time.

18. I answered that forcing me to close my ruble positions might protect FOREX, but it would not protect me at all. He repeated that **for the protection of its customers and FOREX,** the company has the right to close all open positions in USD/RUB at 5 pm Eastern time today.

4

19. I answered, **"I would be willing to sign a contract with FOREX stating that I will not sell any rubles for a period of 12 months from today. That would eliminate all risk to FOREX. You would not have to find a buyer for any rubles in my account for one whole year. I know for certain that the value of the ruble is going to go back up."**

20. Mr. Shalom said, "I'm not here to make any deals with you. I called you to say that **for the protection of its customers and FOREX,** the company has the right to close all open positions in USD/RUB at 5:00 pm Eastern time today." [Emphasis added.]

21. I answered, **"I consider it criminal.** I told you I bought these rubles as a long-term investment, not for day-trading purposes, and I have no intention of selling them for a year. I'm not putting any stress on FOREX's system at all. Am I the only customer who is in this position, or are there a lot of others?" [Emphasis added.]

22. He said, "That's confidential customer information and I'm not allowed to tell you."

I said, "I want to talk with your boss."

Emanuel Shalom answered, "My boss doesn't talk with individual investors."

I asked, "Do you think the market in US dollars and rubles is going to remain illiquid forever?"

He said, "They don't pay me to think. That's not my job."

23. **I said, "I want to talk with a lawyer in your legal department."** [Emphasis added]

He said, "I'll convey your position to our legal department. They might email you." *Id.* at 5-7.

I further alleged that the Defendants absolutely refused to do anything to make me whole

between March 11, 2022 and today. My Complaint went on as follows:

25. At 10:53 pm on March 11, 2022, the Defendants **stole** about half of my investment capital -- 22,475,831 Russian rubles -- by closing all of my open USD/RUB positions against my will and against my explicit and vehement

instructions. On March 10, 2022 I had 22,475,831 rubles, and on March 14, 2022 I had zero rubles. [See Evidence Exhibit #2.] *Id.* at 7.

26. There have always been other things the Defendants could and should have done to protect their interests, other than **stealing** all 22,475,831 of my rubles on March 11, 2022. The most obvious solution would've been for them to obtain 22,475,831 rubles in cash and ship them to me. I would've been happy, they would've gotten out of the USD/RUB market, which they obviously no longer wanted to be in, and I wouldn't have had to waste hundreds of hours and a tremendous amount of effort pursuing justice against them. However, the Defendants chose to be intransigent from March 11, 2022 to today and chose to insist on their "right" to **steal** approximately half of my investment capital -- approximately half of my life savings. *Id.* at 7-8.

Kieran T. Ensor wrote: "Additionally, it appears -- but is by no means clear -- that Plaintiff seeks contract-based relief against Defendants...Nowhere in the Complaint does Plaintiff point to what term(s), or even what contract, Defendants breached." Letter at Page ID #41. That is nothing but wishful thinking on his part. Fraud and the theft of all of my rubles are the only cause of action I am accusing the Defendants of having committed against me at 10:53 pm on March 11, 2022. I even wrote, "In general, **fraud is a civil** tort." Complaint at 2. Because I never sought contract-based relief in my Complaint and do not intend to file an amended complaint that includes a contract-based cause of action, I simply do not have "to show what term(s), or even what contract, Defendants breached." *Fabbro v. Drx Urgent Care, LLC*, 616 F. App'x 485, 487 (3d Cir. 2015).

In drafting my Complaint, I was very careful to describe the Defendants' actions with great specificity. There was nothing "vague or ambiguous" about my Complaint. When Mr. Ensor wrote, "Plaintiff fails to meet the heightened pleading standard imposed by Fed. R. Civ. P. 9(b) because he does not specifically describe what action(s) were fraudulent," he was simply lying to this Court.

6

Mr. Ensor concluded, "Defendants believe that they will prevail on their contemplated

motion..." Letter at Page ID #41.  In view of the fact that all of the contemplated arguments set

forth in the Defendants' letter of March 10, 2024 were so totally lacking in merit that they appear

to have been made in bad faith, I would assess that their contemplated motion to dismiss is

almost certain to be denied, assuming that the Court allows them to file one even though the

mutually-agreed-upon deadline of March 13, 2024 has passed.

WHEREFORE, I respectfully request that the Court, after considering any response

timely filed by the Defendants and any reply timely filed by me, enter a default judgment against

both Defendants as set forth in the accompanying tendered/proposed Order.  I am not requesting

that a hearing be held on this motion for default judgment.

Respectfully signed,

*Geoffrey M. Young*

Geoffrey M. Young, *pro se*
2430 Millbrook Drive
Lexington, KY 40503
email: energetic22@yahoo.com
Land line: (859) 278-4966

## Certificate of Service

I, Geoffrey M. Young, Plaintiff herein, hereby certify that on March 18, 2024, I mailed

this Motion for a Default Judgment and a proposed order, and a courtesy copy of both

documents, to the Clerk of the United States District Court for the District of New Jersey,

Clarkson S. Fisher Bldg. & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  I also

emailed PDF files of the motion and proposed order to the two attorneys of record.  I also mailed

a copy of this motion and attached proposed order to Counsel at the following address:

7

Nikolas S. Komyati and Kieran T. Ensor
Fox Rothschild
49 Market Street
Morristown, New Jersey 07960

Respectfully signed,

*Geoffrey M. Young*

Geoffrey M. Young
2430 Millbrook Drive
Lexington, KY 40503
email: energetic22@yahoo.com
Land line: (859) 278-4966

Commonwealth of Kentucky

Subscribed and sworn to before me by _____Geoffrey M. Young_____,

(printed name)

_____*Geoffrey M. Young*_____ this _10_ day of _March_, 20_24_.

(signature)

_____*Roberta Pedicini Hayden*_____ _Notary Public_ _02/13/2026_

(Signature of Notary/Officer)    (Title of Officer)    (My commission expires)

ROBERTA PEDICINI HAYDEN
Notary Public-State at Large
KENTUCKY - Notary ID # KYNP43222
My Commission Expires 02-13-2026

8