# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

GEOFFREY M. YOUNG, Plaintiff

v.                                                                                       Civil Action No. 3:24-cv-00526-GC-DEA

STONEX GROUP INC. and
GAIN CAPITAL GROUP, LLC, Defendants

## ORDER

The Plaintiff, Geoffrey M. Young, initiated this lawsuit on January 29, 2024 by filing an original Complaint with the Court. He demanded a jury trial. The Court issued a summons to the Defendants, STONEX Group, Inc. and GAIN Capital Group, LLC on January 30, 2024. On February 9, 2024, attorney Nikolas S. Komyati filed his notice of appearance on behalf of both Defendants, and also an application and proposed Clerk's Order to extend time to answer. The Defendants requested an extension of time to respond to Mr. Young's Complaint from February 22 to March 7, 2024, the Plaintiff had no objections, and the Court granted that extension on February 13, 2024.

On February 19, 2024, defense attorney Nikolas Komyati called Mr. Young and asked if he would agree to another time extension. The parties agreed on an extension from March 7 to March 13, 2024. On February 21, 2024, the Court entered a Stipulation and Order extending the Defendants' time to answer, move or otherwise respond to Plaintiff's Complaint until March 13, 2024.

In his Complaint, Young alleged that the Defendants

> conspir[ed] to steal and/or defraud me of 22,475,831 Russian rubles by selling all of the rubles in my foreign exchange account, on my behalf, at 10:53 pm on

1

March 11, 2022, against my will and against my explicit instructions, near the bottom of the market, after giving me only one day's warning; and after I had protested their planned action and proposed a solution to a corporate employee at 11:00 am on March 11, 2022 and had my proposed solution rejected out of hand. The Defendants even rejected my proposal for a delay in their action. In general, fraud is a civil tort. Complaint at 1-2.

Young requested the following relief:

Actual damages of 22,475,831 Russian rubles;
lost opportunity (opportunity cost) damages;
punitive damages of at least $4,000,000;
declarative relief;
and "injunctive relief to prevent the Defendants from robbing, defrauding and/or cheating [him] or any other investor again in the same outrageous way."
Complaint at 2.

On March 10, Kieran T. Ensor, Mr. Komyati's co-counsel, electronically sent a 3-page letter addressed to Hon. Georgette Castner, U.S.D.J. asking for a pre-motion conference. Page ID# 39-41. At the end of the letter, Mr. Ensor wrote, "cc: Mr. Geoffrey M. Young (via ECF)." He did not send Young an email or snail mail with the text of the letter, nor did he contact Mr. Young by phone or email to tell him that the Defendants had sent a letter to the Judge.

On March 18, 2024, Young emailed a motion for a default judgment and a proposed Order to the Defendants' counsel of record and mailed the motion and a proposed Order to the Court and to the Defendants.

The Court hereby FINDS AND DECLARES that the Defendants' letter of March 10, 2024 was neither a responsive pleading pursuant to Fed. R. Civ. P. 8(b) nor a motion to dismiss or any other kind of motion allowed by Fed. R. Civ. P. 12.

The Court therefore FINDS AND DECLARES that the Defendants missed the agreed-upon deadline of March 13, 2024 for filing a response, and that THE DEFENDANTS ARE NOW IN DEFAULT.

2

The Court ORDERS as follows:

1. The Defendants SHALL PAY Mr. Young 22,475,831 Russian rubles in actual damages and shall ship the rubles to him within 40 days after the date when this Order was entered.

2. The Defendants SHALL ADD FOUR MILLION DOLLARS ($4,000,000.00) in punitive damages to Mr. Young's account with FOREX.com within 30 days after the date when this Order was entered.

3. In the future, if either of the Defendants decides to stop trading in any currency pair, THE DEFENDANTS SHALL GIVE AT LEAST TWO WEEKS' NOTICE TO THEIR CUSTOMERS, AND THEY SHALL GIVE ALL OF THEIR CUSTOMERS WHO HAVE OPEN POSITIONS IN THE CURRENCY THAT THE DEFENDANTS WANT TO CLOSE THE RIGHT TO DEMAND THE APPROPRIATE AMOUNT OF THE SOON NOT-TO-BE-TRADED CURRENCY TO BE DELIVERED TO THE CUSTOMER IN CASH. THE DEFENDANTS SHALL INCLUDE LANGUAGE TO THIS EFFECT IN ALL OF THEIR CONTRACTS FOR FOREIGN EXCHANGE ("FOREX") TRADING FROM NOW ON, AND THEY SHALL DELETE OR AMEND ANY LANGUAGE IN THEIR CONTRACTS THAT IS INCONSISTENT WITH THIS PERMANENT INJUNCTION.

This Order is final and appealable and there is no just cause for delay.

ENTERED on this _____ day of _____, 2024 by:

_____
Georgette Castner, Judge
United States District Court for the District of New Jersey